

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

April 1, 1957

Honorable John Osorio, Chairman
Board of Insurance Commissioners
Austin, Texas

OPINION NO. WW-83

Re: Authority to pay
travel expenses
to persons assigned
to the Board of In-
surance Commission-
ers to attend
courses offered by
the International
Business Machines
Company.

Dear Mr. Osorio:

Your request for an opinion on the above subject matter is as follows:

"On November 20, 1956, this Board employed Mr. Bill Davis as coordinator of IBM activities, to consolidate and organize the Board records which could be handled by International Business Machines.

"Prior to that time, Mr. Davis had been employed by the State Department of Public Welfare. From September 1, 1946, to November 20, 1956, he had served as supervisor of machine accounting and had actively managed the IBM section, consisting of 31 employees engaged in the operation of various IBM machines. He was responsible for the preparation of 250,000 monthly assistance warrants, and all the related departmental statistical reporting, in addition to departmental payroll and all administrative expense accounting and analysis.

"Mr. Davis' education and experience qualify him for the job which he now holds, but new types of machines are being developed, and Mr. Davis has had little experience with these new types. Specif-

ically, this Board now has on order, for September delivery, a type 407 accounting machine and a type 604 electronic calculating punch. His experience on these particular machines is limited, and this Department has authorized him to attend the following schools:

"407 Basic Course     Dallas   March 18-22
604 Course           Houston  April  8-12
407 Advanced Course  Dallas   May    6-10

"This Board is informed that the Comptroller of Public Accounts will not approve travel expense accounts for persons attending IBM schools unless the account is accompanied by an Attorney General's opinion which would authorize payment. This Board is of the opinion that the travel proposed for Mr. Davis is in the performance of his official duties. No effort is being made to further the general education of a Board employee at State expense, this travel being directed to a very specific and technical job which is being handled by the employee. However, in view of the Comptroller's requirement, the Board of Insurance Commissioners does not feel justified in ordering its employee to incur the expense necessary to this travel, until it can be assured that he will be reimbursed.

"Premises considered, we respectfully request your opinion as to whether or not the proposed travel expense, as outlined above, is authorized under the General Appropriation Act."

Your request amounts to a reconsideration of Opinion S-209 (1956) wherein it was held that travel expense and per diem to State employees in charge of the operation of IBM machines, while attending a training school on the operation of such machines, is authorized. Therefore, we will review the holding therein as well as various previous opinions of Attorney Generals on similar questions. In reaching the conclusion in Attorney General's Opinion S-209, it was stated that the training given would be directly and substantially used by the employee to facilitate the operation of the IBM machine in a more efficient manner and, therefore, the facts established that the relationship between the purpose of the trip and the accomplishment of the functions of the government entrusted to the employee is reasonable, substantial and direct.

In Attorney General's Opinion No. 2993 to Dr.
H. Y. Benedict, President of the University of Texas,
dated October 1, 1933 (Reports of the Attorney General
1932-1934, p. 472) it was stated that the Comptroller pro-
perly refused to pay the traveling expenses of Dean Hilde-
brand for attending the American Law Institute for the rea-
son that the purpose of the institute was in no way con-
cerned with the discussion of problems concerning the
betterment, management or direction of a University or
School of law.

In Attorney General's Opinion R-2128 (1950) it was
held that payment of traveling expenses was authorized to
personnel of the Department of Public Safety selected to
attend the Traffic Police Administration Course at North-
western University since the purpose of these visits was to
secure information on the latest testing technique equip-
ment and methods as provided in Article 6701, Vernon's
Civil Statutes.

Similar holdings have been made in Attorney Gen-
eral's Opinions 0-1195 (1939), 0-3831 (1941), 0-4167
(1941), 0-4267 (1942) and 0-5981 (1944).

In Attorney General's Opinions 0-810 (1939),
0-6399 (1945) and V-738 (1948) it was held that the county
could not legally pay the traveling expenses of sheriffs
attending the FBI school, various associations of county
officials attending their conventions and of county hospital
administrators attending hospital administrators conven-
tions, each of these respectively. Each of these opinions
based its conclusion on the fact that the Commissioners'
Court was a court of limited jurisdiction and had only such
powers as are conferred upon it either by express terms or
by necessary implication and that the statutory provisions
authorizing the payment of travel expense by the county was
not broad enough to include the expenses under considera-
tion. Therefore, Attorney General's Opinions 0-810,
0-6399 and V-738 do not apply to your fact situation.

It is to be noted that in determining whether
travel is included pursuant to the general appropriation
bill is for "state business" the question to be decided
is whether the result is the accomplishment of a govern-
mental function and that the means and methods adopted is
reasonably necessary. Since the training described in
your letter will be directly and substantially used to
facilitate the operation of the IBM equipment to be used
by the Board of Insurance Commissioners, it is our opin-

ion that the proposed travel is for "state business" since such trip will result in the accomplishment of governmental functions entrusted to the employees and will be of a substantial and direct benefit to the Board of Insurance Commissioners. You are, therefore, advised that the proposed travel expense as outlined in your request is authorized.

### SUMMARY

Payment of travel expenses to a state employee in charge of IBM machines while attending the training school in the operation of such machines is authorized.

Yours very truly,

WILL WILSON
Attorney General

By John Reeves
John Reeves
Assistant

JR:zt

APPROVED:

OPINION COMMITTEE
H. Grady Chandler
Chairman